**Xiu Zhen LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–5659–AG NAC.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

---

John Z. Zhang, New York, New York, for Petitioner.

Gary L. Hayward, Assistant United States Attorney, Matthew J. Whitaker, United States Attorney, Southern District of Iowa, Des Moines, Iowa, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Zhen Li petitions for review of the September 29, 2004 BIA order affirming without opinion an order of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the facts and procedural history of the case.

■ As a preliminary matter, we reject the government's argument that sovereign immunity bars this Court from reviewing a BIA decision when the petitioner names the BIA, instead of the Attorney General, as a respondent. Section 1252(a) of Title 8, United States Code, specifically provides for judicial review of final orders of removal and thus eliminates the defense of sovereign immunity in such cases. That petitioner names the BIA, to which the Attorney General has delegated his authority in cases that come before it, see 8 C.F.R. § 1003.1, rather than the Attorney General himself does not revive the United States' claim to sovereign immunity when an alien petitions for review of a final order of removal. We reject also the government's assertion that Li's brief does not state a claim. Although inexpertly pleaded, her brief adequately sets forth her argument that the IJ's adverse credibility finding was in error, and that the evidence before the IJ supported her asylum, withholding of removal, and CAT claims.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. U.S. Att'y Gen., 400 F.3d 963, 964 (2d Cir.2005) (per curiam); Zhou Yun Zhang v. U.S. INS, 386 F.3d 66, 73–74 (2d Cir. 2004).

■ The IJ cited four reasons that Li's testimony lacked credibility, all of which were without substantial evidence in the record. First, the IJ found that her testimony was inconsistent with two reports on conditions in China prepared by the State Department and one prepared by Canada entered into evidence by the government. This Court has cautioned, however, that IJs "should be careful not to place excessive reliance on published reports of the Department of State," because such reports are not binding and "do not automatically discredit contrary evidence presented by the applicant" for asylum. Tian–Yong Chen v. U.S. INS, 359 F.3d 121, 130 (2d Cir.2004); Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 403–04 (2d Cir.2005). The IJ may consider the State Department reports, but "is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." Tian–Yong Chen, 359 F.3d at 130. Here, contrary to the IJ's conclusion, petitioner's testimony that she was forced to have an abortion because she was under the legal age for marriage and unmarried did not in fact conflict with the conclusions of the State Department reports, especially the report on country con-

ditions in China for 2001, which concluded that "[d]uring an unauthorized pregnancy, a woman often is paid multiple visits by family planning workers and pressured to terminate the pregnancy," and that intense pressure to meet family planning goals "has resulted in documented instances in which local family planning officials have used coercion, including forced abortion and sterilization." *See Cao He Lin,* 428 F.3d at 403 (noting the equivocation in the State Department reports).

■ The IJ's second reason for finding Li incredible was based on a purported inconsistency between Li's description of attempting to flee from the family planning cadres when they came to take her for an abortion and the letters from her mother, uncle and boyfriend, which did not contain descriptions of this attempted flight. This purported inconsistency is without support in the record, however, because Li testified that she was at her boyfriend's house with his relatives when the family planning authorities came for her and she stated in her application that her boyfriend was not present. In her letters, Li's mother also indicated that they were not present when the authorities came to take Li to the hospital. Because there is no suggestion that Li's relatives were present when she unsuccessfully attempted to evade the authorities, the failure of her mother, uncle and boyfriend to describe her attempted flight is not inconsistent with her own account.

■ Third, the IJ found Li without credibility because she lacked knowledge of China's family planning policy. It is unclear, however, why Li's failure to know about China's policy beyond her own experience with local family planning officials is inconsistent or suggests a lack of credibility. This is particularly true in light of the State Department's observation that forced abortions were not officially sanc-

tioned policy. Hence, this finding is not supported by substantial evidence in the record. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (holding that a credibility determination based on flawed reasoning does not satisfy the substantial evidence standard).

■ Finally, the IJ also stated that Li had failed to provide authenticated identity documents as required by 8 C.F.R. § 278.6. This Court recently held that § 278.6 is not the only means of authenticating documents submitted to the IJ, "in part, because 'asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor.'" *Cao He Lin,* 428 F.3d at 404 (quoting *Gui Cun Liu v. Ashcroft,* 372 F.3d 529, 532 (3d Cir.2004) (internal quotation marks omitted)). The IJ here did not specify what documents she believed were inauthentic.

Because the grounds identified by the IJ are without substantial evidence in the record, we grant the petition. We cannot say, however, that no reasonable fact finder could come to the IJ's ultimate conclusion or that her views are so fixed that remand is futile. *See Cao He Lin,* 428 F.3d at 401–02; *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144 (2d Cir.2006). Accordingly, we remand this case to the BIA for further proceedings consistent with this opinion.

For the foregoing reasons, the petition for review is GRANTED and the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The pending motion for a stay of removal in this petition is DENIED as moot.